ROBERT S. AARON (SBN 138903)
TIMOTHY C. WILSON (SBN 173928)
AARON & WILSON, LLP
150 Post Street, Suite 400
San Francisco, California 94108
Telephone:    (415) 438-7800
Facsimile:    (415) 438-7808
Email:    rsaaron@aaron-wilson.com
Email:    tcwilson@aaron-wilson.com

**Attorneys for Plaintiff**
YUHONG YAO, as Heir of, and on behalf of
all Heirs and the Estate of Xiulan Zhang,
deceased

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUHONG YAO, as Heir of, and on behalf of all Heirs and the Estate of Xiulan Zhang, deceased,<br><br>    Plaintiff,<br><br> v.<br><br>NORTH EAST MEDICAL SERVICES, JOSEPH KERBLESKI, JUDY HSU, BIN YAO,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR PERSONAL INJURY AND WRONGFUL DEATH BASED UPON THE NEGLIGENCE OF HEALTHCARE PROVIDERS**<br><br>**DEMAND FOR TRIAL BY JURY**<br><br>Complaint Filed: August 6, 2014 |

  Plaintiff YUHONG YAO, as Heir of, and on behalf of all Heirs and the Estate of Xiulan Zhang, deceased, hereby complains against NORTH EAST MEDICAL SERVICES, JOSEPH KERBLESKI and JUDY HSU, and alleges as follows:

### PARTIES

  1. Plaintiff YUHONG YAO and defendant BIN YAO are natural persons and the sole surviving children of Xiulan Zhang, deceased ("Decedent"), who, prior to her demise, was a 73 year-old female who had recently immigrated from China to live with her daughter, plaintiff YUHONG YAO, in San Francisco. She died on January 31, 2012. Plaintiff YUHONG YAO and defendant BIN YAO are entitled to bring an action for the wrongful death of the Decedent

1

pursuant to California Code of Civil Procedure section 377.60.

2. Plaintiff YUHONG YAO is informed and believes, and thereon alleges, that pursuant to Code of Civil Procedure section 377.60, there are no other persons who may bring an action for the wrongful death of the Decedent.

3. By reason of the relationship between plaintiff YUHONG YAO and defendant BIN YAO, and the Decedent, defendant BIN YAO'S interests are so aligned and united with those of plaintiff YUHONG YAO that he is a proper plaintiff. However, due to BIN YAO'S unwillingness to join this action voluntarily, he is named as a defendant.

4. Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, defendant NORTH EAST MEDICAL SERVICES ("NEMS") was a corporation organized and existing under the laws of the State of California with its principal place of business in the City and County of San Francisco.

5. Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, defendant JOSEPH KERBLESKI ("KERBLESKI") was a natural person, and physician licensed to practice medicine in the State of California, and engaged in the practice of medicine as an employee and/or agent of NEMS in the City and County of San Francisco.

6. Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, defendant JUDY HSU ("HSU") was a natural person, and physician licensed to practice medicine in the State of California, and engaged in the practice of medicine as an employee and/or agent of NEMS in the City and County of San Francisco.

7. Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, each of the defendants was the owner, agent, servant, subsidiary, joint venturer, consultant, associate, employee and/or partner of each of the remaining defendants, and in doing or failing to do the things herein alleged, was acting within the course and scope of his, her or its authority as such owner, agent, servant, subsidiary, joint venturer, consultant, associate, employee and/or partner with the permission, consent and approval of the other defendants.

/II

///

Complaint-Federal dm

2

Complaint for Pers. Inj. & Wrongful Death Based on Negl. of Healthcare Providers — Case No.

# JURISDICTION

## Subject Matter Jurisdiction

8.  Plaintiff is informed and believes, and thereon alleges, that pursuant to 42 U.S.C. section 233(g)-(n), the Federal Tort Claims Act ("FTCA"), 28 U.S.C. sections 1346(b), 2671-2680, is the exclusive remedy for injuries, including death, caused by a community health center and/or employees/agents thereof.

9.  Plaintiff is informed and believes, and thereon alleges, that defendant NEMS, as a community health center, was covered by the FTCA effective January 1, 2011, and has been continuously covered thereby ever since.

10.  Plaintiff is informed and believes, and thereon alleges, that defendants KERBLESKI and HSU, as employees and/or agents of defendant NEMS, were also covered by the FTCA effective January 1, 2011, and have been continuously covered thereby ever since.

11.  As explained in more detail below, Decedent treated with NEMS, KERBLESKI and HSU between December 9, 2012 and January 3, 2013, and she died on January 31, 2013. Thus, Decedent treated with defendants, and each of them, and ultimately died, while they were covered by the FTCA.

12.  On or about October 30, 2013, a date that is within the FTCA's two year limitation period per 28 U.S.C. section 2801(b), plaintiff YUHONG YAO ("YAO"), as heir, and on behalf of all heirs and the Estate of Xiulan Zhang, deceased, submitted three separate administrative FTCA claims, on Standard Form 95, to the U.S. Department of Health and Human Services, Office of General Counsel, Claims Branch, 330 Independence Avenue, SW, Room 4760 Cohen Bldg, Mail Stop: Capitol Place, Washington, DC 20201. The three forms were fully completed, with a sum certain stated for damages, signed by YAO, and included three copies, on DVD's, of all medical and other pertinent information in the custody, possession and control of YAO.

13.  On or about December 3, 2103, the U.S. Department of Health and Human Services, Office of General Counsel ("DHSS") acknowledged receipt of the three claims, and requested additional information for the purpose of evaluating the three FTCA administrative

3

Complaira-Federal.doc

Complaint for Pers. Inj. & Wrongful Death Based on Negl. of Healthcare Providers — Case No.

claims.

14. On or about February 28, 2104, YAO, through counsel, responded to the correspondence of December 3, 2013 from DHSS, resent three copies, on DVD's, of all medical and other pertinent information in her custody, possession and control, plus whatever additional information she had acquired in the interim, and advised DHSS that she would attempt a second time to acquire the information it requested in its correspondence of December 3, 2013.

15. On or about April 10, 2104, YAO, through counsel, provided DHSS with three copies, on DVD's, of additional medical information she had just received from certain of the providers identified by DHSS in it s correspondence of December 3, 2013.

16. On or about April 18, 2104, YAO, through counsel, provided DHSS with three copies, on DVD's, of additional medical information she had just received from the last of the providers identified by DHSS in it s correspondence of December 3, 2013. As of this date, i.e., April 18, 2014, DHSS had been provided with all the information it requested in its correspondence of December 3, 2013.

17. As of the filing of this complaint, i.e., August 6, 2014, neither YAO, nor counsel, have received any written or verbal communication from DHSS, or any of its agencies, subdivisions or representatives, since the correspondence of December 3, 2013. Stated otherwise, DHSS has failed to make a final disposition of plaintiffs claims within six months of the claims being filed.

18. By reason thereof, and by authority of 28 U.S.C. section 2675(a), plaintiff hereby opts to have the claims deemed finally denied, and proceeds with the filing of this lawsuit.

**Personal Jurisdiction**

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, defendants, and each of them, were residents of and/or doing business in the State of California such that the exercise of jurisdiction by this court would not be inconsistent with the Constitution of the State of California and/or the United States of America.

///

///

Complaint-Federal.doc

4

**Complaint for Pers. Inj. & Wrongful Death Based on Negl. of Healthcare Providers — Case No.**

**VENUE**

20. Venue in the County of San Francisco is proper in that some, if not all, of the wrongful acts alleged herein occurred within the County of San Francisco, and at least one of the defendants is a resident of the County of San Francisco.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

21. On or about December 9, 2012, at approximately 3:00 pm, the Decedent visited HSU at NEMS for the purpose of medical consultation, diagnosis, treatment and management of her heart condition, diabetes and medications. Examination by HSU revealed, among other conditions, atrial fibrillation, by reason of which HSU prescribed Coumadin, 60 tablets at 3 mg each, to be taken orally once per day. The Coumadin prescription was accompanied by orders for blood testing - one immediate and one to be done in approximately two weeks - to obtain values for the Decedent's Prothrombin Time (hereinafter "PT") and International Normalized Ratio ("INR"). The Decedent was referred to a cardiologist and told to follow-up in two months.

22. The first blood test was conducted immediately following the December 9th appointment. The Decedent's PT was 10.4, her INR 1.0, both of which were deemed to be in range.

23. On or about December 20, 2012, at approximately 8:30 am, the Decedent appeared at Quest Diagnostics for the follow-up blood testing. Blood was collected at approximately 8:37 am, but the results of the testing performed were not reported until the following day.

24. On that same day, i.e., December 20, 2012, at approximately 10:00 am, by reason of experiencing various symptoms including, but not limited to, cough, headache, nasal congestion, pharyngitis, postnasal drainage and rhinitis, the Decedent visited NEMS hoping to see HSU. HSU was unavailable, so she was directed to see another NEMS' physician, KERBLESKI, for the purpose of medical consultation, diagnosis, treatment and management of the foregoing problems, and the medications she had previously been prescribed, including, but not limited to, Coumadin. The Decedent, only spoke Mandarin Chinese; KERBLESKI did not.

25. KERBLESKI noted that the Decedent had previously been prescribed on

ComplauO.Federal.doc

5

Complaint for Pers. Inj. & Wrongful Death Based on Negl. of Healthcare Providers — Case No.

1  December 9th, among other medications, Coumadin, 3 mg, to be taken orally once per day. Also
2  noted was a PT/INR order dated December 9th with the status being "specimen obtained."
3  Examination by KERBLESKI revealed erythema in the nose. The Decedent was diagnosed with
4  Allergic Rhinitis NOS, and advised to rest, hydrate, use Tylenol for pain, Flonase spray for
5  congestion and runny nose, and to avoid allergens. No change was made to the previously order
6  Coumadin prescription.

7      26.    On or about December 21, 2012, the results of the previous days' blood testing
8  were "reported." The Decedent's PT was 35 and her INR 3.7. Both these values were
9  designated "out of range" on the written lab results.

10     27.    Plaintiff is informed and believes, and thereon alleges, that these PT/INR results
11 were reported to NEMS, KERBLESKI and HSU, who, on that same day, and in apparent
12 response thereto, issued a prescription for the Decedent of 30 2.5 mg Coumadin tablets to be
13 taken once per day. Although NEMS, KERBLESKI, HSU and/or their authorized representative
14 engaged in some communication with the Decedent relative to the 2.5 mg Coumadin tablets, it
15 appears the order communicated was understood by the Decedent to be one of addition to the
16 previously prescribed 3 mg Coumadin tablets as opposed to substitution for the previously
17 prescribed 3 mg Coumadin tablets. No additional orders for blood testing or any other
18 management or follow-up were issued by NEMS, KERBLESKI or HSU.

19     28.    On or about January 3, 2013. The Decedent returned to NEMS for the purpose of
20 medical consultation, diagnosis, treatment and management of her medical condition, and the
21 medications she had previously been prescribed, including, but not limited to, Coumadin. Again,
22 due to HSU's unavailability, she saw KERBLESKI. The Decedent was complaining of "skin
23 problems" in the area of her trunk that had begun approximately four days earlier. The Decedent
24 described the problems as itchy, vesicular and burning occurring continuously with associated
25 pain. The problem was getting worse. Examination by KERBLESKI revealed a 3 cm
26 erythematous patch with dew drop vesicles on the right side of the Decedent's upper back.
27 KERBLESKI noted this 3 cm erythematous patch was preceded by burning consistent with
28 shingles. No inquiries were made concerning Coumadin or blood testing. The Decedent was

1  diagnosed with Herpes Zoster without mention of complications. She was prescribed Acyclovir
2  and Lidex, a topical steroid, and told to follow-up in one to two weeks. No change was made to
3  the Decedent's Coumadin prescription then set at 2.5 mg per day.

4      29.     On or about January 8, 2013, plaintiff went to the Emergency Room at UCSF
5  Medical Center complaining of hematuria and epistaxis. Blood testing revealed PT of 96.1 and
6  INR of 13.1, the latter of which was designated "panic high." The Decedent was found to have a
7  diffuse, bilateral subarachnoid and intraventricular hemorrhage with mild hydrocephalus, and
8  two aneurysms identified as R PCoA and MCA.

9      30.     On January 10, 2013, the following surgical procedures were performed on the
10  Decedent: a right mini-pterional craniotomy, clipping of the middle cerebral artery aneurysm
11  and an Indocyanine Green angiography. The Decedent tolerated the procedure well and
12  remained at UCSF for follow-up and rehabilitation through January 26, 2013, on which date she
13  was transferred to Laguna Honda Acute Rehabilitation Center for further acute rehabilitation.

14      31.     On or about January 30, 2013, Laguna Honda Acute Rehabilitation Center
15  returned the Decedent to the Emergency Room at UCSF appearing less responsive and
16  weakened. The Decedent was admitted after which in the early morning hours of January 31,
17  2013, she had respiratory arrest followed by pulseless electrical activity arrest. She was declared
18  dead later that same day with a final diagnosis of cardiac arrest, history of a middle cerebral
19  aneurysm and subdural hematoma.

## CLAIM FOR RELIEF
## PERSONAL INJURY AND WRONGFUL DEATH
**(Alleged by Plaintiff** Against All Defendants)

22      32.     Plaintiff re-alleges paragraphs 1 through 31, inclusive, and by this reference, fully
23  incorporates into this cause of action, each of the allegations contained therein.

24      33.     Beginning on or about December 9, 2012, and continuing through the Decedent's
25  admission to UCSF on January 8, 2013, defendants, and each of them, negligently failed to
26  exercise the requisite degree of knowledge and skill in examining, diagnosing, treating,
27  prescribing, managing, monitoring and caring for the Decedent. More particularly, and by way
28  of example, not limitation, defendants, and each of them, including, but not limited to, NEMS,

Cowie. Fodtxel doc      7

Complaint for Pers. Inj. & Wrongful Death Based on Negl. of Healthcare Providers — Case No.

1   HSU and KERBLESKI, inclusive, failed to manage, monitor, examine, diagnose, treat and care
2   for the Decedent, the Coumadin prescription given her, and the prescription's effects on her, with
3   appropriate and timely facility and physician management, physician availability with
4   appropriate linguistic capabilities, scheduling of follow-up visits at NEMS, inquiring during the
5   course of visits about Coumadin usage and/or blood testing needed, adjusting the medication
6   dosage and/or discontinuing it altogether, ongoing blood testing and/or prescribing/implementing
7   some other means by which the level of Coumadin in the Decedent's blood could be ascertained
8   and the appropriate adjustments to the dosage of the medication made and or other treatment
9   provided, communicating treatment and/or prescription modifications to patients with sufficient
10  follow-up to ensure the modifications were understood, failing to identify, diagnose and treat the
11  excessive PT/INR values that had developed and/or otherwise manage, monitor, modify,
12  examine, diagnose, treat and care for the Decedent, the Coumadin prescription given her, and the
13  prescription's effects on her.

14  　　　　34.　　As a direct and proximate result of the negligence of the defendants, and each of
15  them, as described herein, the Decedent, and subsequently her estate, incurred significant
16  medical expenses from the date of the decedent's hospitalization commencing on January 8,
17  2012 to her death on January 31, 2012 broken down as follows: UC SF from January 8, 2012
18  through January 26, 2012 and from January 30, 2012 through January 31, 2012; and Laguna
19  Honda Acute Rehabilitation Center from January 26, 2012 through January 30, 2012.

20  　　　　35.　　As a direct and proximate result of the negligence of defendants, and each of
21  them, as described herein, the Decedent lost, as did her heirs and her estate, her retirement
22  benefits.

23  　　　　36.　　As a direct and proximate result of the negligence of the defendants, and each of
24  them, the Decedent died on January 31, 2013 from cardiac arrest, history of a middle cerebral
25  aneurysm and subdural hematoma, all of which were caused, in whole or in part, by the above-
26  described negligent failures of defendants, and each of them.

27  　　　　37.　　At the time of and prior to the death of the Decedent, plaintiff lived with the
28  Decedent receiving financial and emotional support; she was a faithful, loving and dutiful

daughter. Plaintiff is further informed and believes, and thereon alleges, that her brother, defendant BIN YAO, was a faithful, loving and dutiful son.

38. As a direct and proximate result of the negligence of the defendants, and each of them, as described herein, and the death of Decedent, plaintiff YUHONG YAO and her brother, defendant BIN YAO, have been deprived of the Decedent's society, comfort, attention, services and support all to their damage in an amount as of yet ascertained.

39. As a direct and proximate result of the negligence of the defendants, and each of them, as described herein, and the death of Decedent, plaintiff YUHONG YAO, as heir, and on behalf of all heirs and the Estate of Xiulan Zhang, has incurred funeral and burial expenses, as well as other economic losses including, but not limited to, wage loss as a result of her inability to work to the satisfaction of her then-employer by reason of the death of her mother, medical expenses by reason of medical, psychiatric and psychological treatment received by reason of her mother's demise, as well as travel expenses incurred by Bin Yao and his wife to attend the funeral.

40. On or about January 10, 2013, plaintiff YUHONG YAO gave KERBLESKI and HSU written notice of her intention to commence this action.

41. On or about January 31, 2013, plaintiff YUHONG YAO gave NEMS written notice of her intention to commence this action.

## DEMAND FOR TRIAL BY JURY

Plaintiff YUHONG YAO, as Heir of, and on behalf of all Heirs and the Estate of Xiulan Zhang, deceased, hereby demands a trial by jury on all issues triable by jury.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

1. For general damages according to proof;

2. For special damages according to proof;

3. For funeral and burial expenses according to proof;

4. For interest and costs of suit as allowed by law; and

5. For such other and further relief as the court may deem proper.

Compleat-Federal.doc

9

Complaint for Pers. Inj. & Wrongful Death Based on Negl. of Healthcare Providers — Case No.

Dated: August 6, 2014

Respectfully submitted,

AARON & WAN, LLP

By _____
T. J. AARON
Attorneys for Plaintiff
YUHONG YAO, as Heir of, and on behalf of all Heirs and the Estate of Xiulan Zhang, deceased

ComplaiN.Federel doc

10

Complaint for Pers. Inj. & Wrongful Death Based on Negl. of Healthcare Providers — Case No.